IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHNNY RAY ROBERTS, #209574, )<br>)<br>    Petitioner, )<br>)<br>) <br>) <br>) <br>CAROLYN BOOTHE - ADMIN. OF THE )<br>ESTATE OF RUSSELL K. ADAMS, )<br>)<br>    Respondent. ) | CASE NO. 2:13-CV-482-TMH<br>[WO] |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This case is before the court on an action styled as a "Petition for Writ of Habeas Corpus Pursuant to Sec. 2241" filed by Johnny Ray Roberts ["Roberts"], an inmate presently incarcerated at the Elmore Correctional Facility.  In this petition, Roberts seeks issuance of a writ of habeas corpus relieving him from damages awarded against him pursuant to a civil judgment entered by the Circuit Court of Shelby County, Alabama in a wrongful death action for his having caused the death of Russell K. Adams.  Specifically, Roberts argues that the monetary compensation awarded in the wrongful death action is violative of double jeopardy because it constitutes "two (2) punishments for one conduct or act" as he had previously been convicted of a criminal offense arising from the death of Russell K. Adams which resulted in 30-year sentence of imprisonment.  *Petition for Writ*

*of Habeas Corpus - Doc. No. 1* at 3.[1] In documents filed by Roberts on July 22, 2013, which the court construed as amendments to the petition, Roberts presents additional claims for relief regarding the fundamental legality of his current incarceration. Specifically, Roberts asserts that he "challenges the constitutionality of the basis for his ... current custody" and therefore "meets a requisite element for proceeding ... on a habeas corpus application." *Doc. No. 4* at 2-3. Roberts further argues that the thirty-year sentence imposed for his criminal conviction constitutes "excessive punishment in violation of the 8th Amendment...." *Doc. No. 5* at 2.

## II. DISCUSSION

The law provides that "an application for a writ of habeas corpus ... made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts ... may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing

---

[1]Roberts concedes that he is presently incarcerated pursuant to a 1999 murder conviction and resulting sentence imposed upon him by the Circuit Court of Shelby County, Alabama arising from the death of Russell K. Adams. *Petition for Writ of Habeas Corpus - Court Doc. No. 1* at 1.

and determination." 28 U.S.C. § 2241(d); *see also* 28 U.S.C. § 1404(a) ("[I]n the interest of justice, a district court may transfer any civil action to any other district ... where it might have been brought.").

Roberts is presently incarcerated at the Elmore Correctional Facility in Elmore, Alabama. This facility is located within the jurisdiction of the this court. However, in this habeas action, Roberts attacks the constitutionality of his custody pursuant to a sentence imposed upon him by the Circuit Court of Shelby County, Alabama, and challenges the validity of a subsequent civil judgment imposed by the same state court in a wrongful death action. Shelby County is located within the jurisdiction of the United States District Court for the Northern District of Alabama. Thus, concurrent jurisdiction exists between this court and the United States District Court for the Northern District of Alabama.

The court has undertaken a thorough review of the claims presented by Roberts in the instant petition for habeas corpus relief. Under the circumstances of this case and pursuant to the discretion afforded this court, the court concludes that the furtherance of justice warrants transfer of this case to the United States District Court for the Northern District of Alabama for review and disposition.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be transferred to the United States District Court for the Northern District of Alabama in

accordance with the provisions of 28 U.S.C. § 2241(d).[2]

It is further

ORDERED that on or before September 6, 2013 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit

---

[2] In transferring this case, no determination is made with respect to the merits of the petitioner's claims for relief nor whether a federal district court has jurisdiction to consider the petition as to those claims properly raised in a habeas action as such issues are best addressed by the United States District Court for the Northern District of Alabama. *See Gilreath v. State Board of Pardons and Paroles*, 273 F.3d 932, 933 (11th Cir. 2001) (If petitioner files "second [or other successive] habeas corpus petition and ... had no permission from [the Eleventh Circuit] to file [such] habeas petition, ... the district court lack[s] jurisdiction to grant the requested relief.")

handed down prior to the close of business on September 30, 1981.

Done this 19th day of August, 2013.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE